Dear Ms. Akers:
You have asked this office to advise you whether the transcript fees for court reporters in Caddo Parish may be included as earnable compensation, thus allowing employee contributions to be made on these fees.
The court reporters of the district courts are appointed by the district court judge and serve at the pleasure of the district judgesen banc. R.S. 13:961(A) states:
 A. In any judicial district there may be appointed as many official court reporters as there are district judges in said judicial district. Each district judge may appoint one court reporter who shall hold office until it is declared vacated by the judge making the appointment. In judicial districts having more than one district judge, the judges, sitting en banc, with the approval of each police jury, may appoint such additional court reporters as in their discretion are required, who shall serve at the pleasure of the court en banc and may be assigned to the various divisions of the court, or to the grand jury, as the court en banc may direct. (Emphasis added).
Pursuant to R.S. 13:961(A), court reporters are under the direction and supervision of the district judge from whom the court reporter works. A court reporter is not a deputy clerk of court and is not paid from the clerk of court's salary fund. Rather, a court reporter receives a monthly salary fixed by the judge which is paid out of the parish general fund. R.S. 13:961(E) states, in pertinent part:
 E. Each of the official court reporters provided for in R.S. 13:961(A), shall receive a monthly salary to be fixed and *Page 2 
determined by the judge making the appointment. The salaries shall be paid out of the general fund of the parish or parishes comprising the judicial district for which the appointment is made. . . . .
Further, R.S. 13:961(F) provides that fees for reporting and transcribing cases ". . . shall be charged by and be paid to the court reporter who reported and transcribed the testimony. These fees shall be retained by him as compensation, in addition to the salary as provided in Subsection (E). . . ".
R.S. 11:233B(1) applies to multiple local retirement systems. This statute defines "earnable compensation" in terms that would not explicitly exclude fees; however, R.S. 11:233(B)(4) clearly states:
 . . . To the extent that there is a conflict between the provisions of this subsection and R.S. 11:1902(11), the provisions of R.S. 11:1902(11) shall prevail.
R.S. 11:1902(11) defines "earnings" specifically for the purposes of the Parochial Employees Retirement System and unambiguously states:
 . . . . earnings shall not include fees or commissions. . . . (Emphasis added).
The court reports are members of the Parochial Employees Retirement System, governed by the provisions of R.S. 11:1901, et seq. R.S.11:1902(11) excludes fees from the definition of earnings; thus, the transcript fees are not to be included as earnable compensation.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL